**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DAMON ELLIOT,** <br> **Plaintiff,** <br> **v.** <br> **UNITED STATES ATTORNEY GENERAL,** <br> **Defendant.** | ) | **Civil Action No. 06-1128 (JDB)** |

**DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant, by and through undersigned attorneys, moves this Court for dismissal of this lawsuit for plaintiff's failure to name the proper party defendant in this Freedom of Information Act case. Alternatively, defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56(c), for failure to exhaust administrative remedies. A memorandum of points and authorities and a statement of material facts not in dispute are attached. A proposed order is also attached.[1]

---

[1]Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained in documents submitted in support of this motion may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely. Fed. R. Civ. P. 56 (e), provides as follows:

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4204
Washington, D.C. 20530
(202) 514-7137

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAMON ELLIOT,** **Plaintiff,** v. **UNITED STATES ATTORNEY GENERAL,** **Defendant.** | **Civil Action No. 06-1128 (JDB)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant Attorney General of the United States, through undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion to dismiss or for summary judgment.

## I. INTRODUCTION

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to Plaintiff's alleged FOIA request to the Office of the Attorney General in September 2001 for records concerning federal jurisdiction over the Beltsville Agricultural Research Center ("BARC") in Beltsville, Maryland. As explained in the declaration of Melanie Ann Pustay, Deputy Director of the Office of Information and Privacy ("OIP"), United States Department of Justice ("Pustay Decl."), there is no record of a September 2001 request from plaintiff. However, as Ms. Pustay further noted, the OIP has previously responded to requests for information concerning BARC and has directed plaintiff to contact the BARC or the U.S. Department of Agriculture. Plaintiff failed to file an administrative appeal with respect to those other requests and thus has failed to exhaust his administrative remedies in any event.

## II. FACTUAL BACKGROUND

Plaintiff, in his complaint, avers that the defendant did not respond to his FOIA request made in September 2001 within the required time. As explained by Ms. Pustay, a search of the Oracle electronic database for FOIA requests reveals that the Office of the Attorney General did not receive such a request. See Pustay Decl. at ¶¶ 3-4. However, as Ms. Pustay further explains, the Oracle database shows that plaintiff made FOIA requests seeking information concerning the BARC on six other occasions, i.e., July 23, 2001, August 7, 2001, November 27, 2001, December 28, 2001, November 24, 2005, and December 7, 2005. Id. at ¶ 5. Ms. Pustay also states that by letters dated September 11, 2001, March 13, 2002, March 19, 2002, and January 10, 2006, OIP responded to each of the requests. Id. Plaintiff has been repeatedly told that he should direct his request to either the BARC itself or to the Department of Agriculture, which is responsible for administering the BARC. Pustay Decl. at ¶ 6. Of significance, each time plaintiff failed to appeal administratively. Id. at ¶ 7.

## III. ARGUMENT

A. Dismissal of Plaintiff's Suit is Warranted.

Plaintiff in this lawsuit has named the "United States Attorney General" as defendant in this lawsuit. Under the Freedom of Information Act, only the U.S. Department of Justice would be the proper party defendant in a FOIA litigation. See 5 U.S.C. § 552(a)(4)(B). Accordingly, Plaintiff's failure to name the Department of Justice is grounds for dismissal of this action.

In addition, even if plaintiff had named the Department of Justice, as there is no record of a September 2001 FOIA request by plaintiff, plaintiff has failed to set forth facts sufficient to establish a cause of action.

B. Summary Judgment Should be Granted in Defendant's Favor.

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

In Anderson, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

Summary judgement may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

Defendant has provided the declaration by Melanie Ann Pustay to support this motion for summary judgment. See Attachment 1 and attachments thereto. Ms. Pustay is Deputy Director of the Department of Justice's Office of Information and Privacy. Pustay Decl. at ¶ 1. In that position, she oversees the searches for records for the OIP and the senior leadership offices of

the Department of Justice, including the Office of the Attorney General, in response to FOIA and Privacy Act requests. Id. Due to the nature of her official duties, she is familiar with the procedures followed by the Department in responding to requests for information from its files pursuant to 5 U.S.C. § 552. Id. at ¶¶ 1-2. She also is familiar with the actions taken by the OIP in responding to the request for information by Plaintiff herein. Id. at ¶¶ 4-7. Thus, Ms. Pustay's declaration provides the Court with the requisite basis for review of the actions taken in connection with Plaintiff's FOIA requests.

1. Plaintiff Did Not Transmit a FOIA Request to OIP in September 2001

On August 1, 2006, the OIP conducted a thorough search of the electronic database which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals which are received by OIP ("the Oracle system"). Pustay Decl. at ¶ 4. A keyword search was conducted to locate any initial requests received from plaintiff using the terms "Damon" and "Elliott." Id. As noted by Ms. Pustay in her declaration, no record of any initial request from plaintiff in September 2001 was found as a result of the search. Id.

2. Although Plaintiff Did Not Transmit a September 2001 Request to OIP, He Filed Six Other Requests and Failed to Exhaust His Administrative Remedies in Any of Them.

As stated in Ms. Pustay's declaration, although there is no record of a September 2001 request by plaintiff, the search for requests revealed that there were six other letters from plaintiff starting in July 2001 for records concerning the BARC. They were dated July 23, 2001, August 7, 2001, November 27, 2001, December 28, 2001, November 24, 2005, and December 7, 2005. Pustay Decl. at ¶ 5. OIP responded to each and advised plaintiff to direct his request to either the BARC itself or to the Department of Agriculture, which is responsible for administering the BARC. Id. at ¶¶ 5-6. The OIP correspondence are attached to Ms. Pustay's declaration at Exhibits A-E.

Plaintiff did not administratively appeal from any of the five responses provided to him and in this case, there is no evidence that he even transmitted a FOIA request to the Department. As "[e]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA," Wilbur v. CIA, 355 F.3d 675, 676 (D.C. Cir. 2004)(per curiam)(citing Oglesby v. Dept. of the Army, 920 F.2d at 61-64), plaintiff should be precluded from seeking judicial review before he has exhausted his administrative remedies.

In sum, plaintiff has not established that he made a September 2001 FOIA request and that he exhausted his administrative remedies. Accordingly, his complaint should be dismissed or summary judgment entered in defendant's behalf.

## IV. CONCLUSION

Plaintiff's failure to name the proper defendant and failure to exhaust his administrative remedies warrants dismissal of his action.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney
555 Fourth St., N.W., Rm. E4204
Washington, D.C. 20530
(202) 514-7137

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion, attachments and proposed order was served by First-Class Mail; postage prepaid to:

DAMON ELLIOT, pro se
31034-037
F.C.C. U.S.P.- 2
P.O. Box 1034
Coleman, Florida 33521

on this 21st day of August, 2006.

/s/

CLAIRE WHITAKER,
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4204
Washington, D.C. 20530
(202) 514-7137