UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DAMON ELLIOTT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1128 (JDB) |
| UNITED STATES ATTORNEY GENERAL, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY AND IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

I. INTRODUCTION

On August 21, 2006, defendant filed a motion to dismiss or for summary judgment in this case. Instead of opposing the motion after receiving the Court's notice pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), plaintiff filed a motion for summary judgment which incorporates his opposition. As plaintiff neither filed a statement of material facts with his motion, nor addressed defendant's statement of material facts, under Local Rule LCvR 7.1(h), defendant requests that the Court treat defendant's statement of facts as conceded.

However, for purposes of this litigation and in an effort to finally resolve the pending matter, after receiving a copy of plaintiff's September 2001 request with plaintiff's "Motion for Summary Judgment," defendant agency has now performed a search for records and reports that no records responsive to plaintiff's "September 2001" FOIA request have been found. Exhibit A.[1]

---

[1] As explained in the declaration of Melanie Ann Pustay, Deputy Director of the Office of Information and Privacy ("OIP"), United States Department of Justice ("Pustay Decl."), attached to defendant's dispositive motion, OIP had no record of a September 2001 request from plaintiff. However, as Ms. Pustay further noted, the OIP has previously responded to requests for information

## II. BACKGROUND

As noted in defendant's dispositive motion, plaintiff, in his complaint, avers that the defendant did not respond to his FOIA request made in September 2001 within the required time. As explained in the Declaration of Melanie Ann Pustay, Deputy Director of the Office of Information and Privacy ("OIP"), U.S. Department of Justice, a search of the Oracle electronic database for FOIA requests revealed that the Office of the Attorney General did not receive such a request. See Pustay Decl. at ¶¶ 3-4. However, as Ms. Pustay further explained, the Oracle database showed that plaintiff made FOIA requests seeking information concerning the BARC on six other occasions, i.e., July 23, 2001, August 7, 2001, November 27, 2001, December 28, 2001, November 24, 2005, and December 7, 2005. Id. at ¶ 5. Ms. Pustay also stated that by letters dated September 11, 2001, March 13, 2002, March 19, 2002, and January 10, 2006, OIP responded to each of the requests. Id. Plaintiff has been repeatedly told that he should direct his request to either the BARC itself or to the Department of Agriculture, which is responsible for administering the BARC. Pustay Decl. at ¶ 6. Of significance, each time plaintiff failed to appeal administratively. Id. at ¶ 7.

Because plaintiff has now attached a copy of a September 2001 request and a return receipt which he alleges represents receipt by the Department of Justice of his September 2001 FOIA request, a search for records has been conducted. Declaration of Tricia Wellman, Acting Deputy Director of the Office of Information and Privacy (OIP), United States Department of

---

concerning BARC and has directed plaintiff to contact the BARC or the U.S. Department of Agriculture. Nevertheless because plaintiff provides a copy of a September 2001 request and a return receipt purportedly showing his FOIA request was received by the Department of Justice, defendant has searched for the requested records. Exhibit A.

Justice. See Exhibit A, attached hereto ("Wellman Decl."), ¶ 4. The search was conducted as follows (id. at ¶ 5):

> On September 19, 2006, OIP staff conducted a search of the Departmental Executive Secretariat's Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000. By utilizing both database systems we ensured that our search would be likely to locate all records responsive to plaintiff's request. The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General. Records are entered into IQ and RMS by trained Executive Secretariat analysts. The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action, and when that action should be completed. Key word searches of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters. Search parameters may include the subject, organization, date, name, or other key words. Key word searches of both the IQ and RMS databases were conducted using the following terms without a date restriction: "Beltsville Agricultural Research Center," "Beltsville," and "BARC."

No responsive records were located in either database maintained by the Departmental Executive Secretariat. Id.

### III.  ARGUMENT

Dismissal of Plaintiff's Suit is Warranted on the Grounds that OIP Conducted a Reasonable Search for Records and None were Found.

In responding to a FOIA request an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg v. U.S. Dept. of Justice, 705 F.2d 1344, 1352 (D.C. Cir. 1983). This "reasonableness" standard focuses on the method of the search, not its results, so that a search is

not unreasonable simply because it fails to produce relevant material.  Wesiberg, 844 F.Supp. at 777, n.4.

The search standards under the FOIA do not place upon the agency a requirement that it prove that all responsive documents have been located.  Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'"  Miller v. Dept. of State, 779 F.2d 1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973).  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Oglesby, 920 F.2d at 68.  Simply stated the adequacy of the search is "dependent upon the circumstances of the case."  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990).   The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate."  Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith."  Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352.  Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to

demonstrate the adequacy of its search.  Once the agency has met this burden through a showing of convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency.  Miller, 779 F.2d at 1383.  It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims.  See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case,  the Wellman Declaration attached hereto as Exhibit A describes in detail OIP's system of recordkeeping, the search criteria used and the databases searched.  It also described that a key word search was conducted using such words as "Beltsville Agricultural Research Center," "Beltsville," and "BARC."  Wellman Decl. at ¶ 5.  Defendant submits that Ms. Wellman's declaration is sufficient to meet the agency's burden of showing an adequate search for records was conducted.  Accordingly, dismissal of this action is appropriate on the alternative grounds that no documents were unlawfully withheld.

## IV.  CONCLUSION

Without waiving defendant's initial argument on exhaustion and incorporating the factual matters in that filing, defendant moves this Court to dismiss this case on the alternative grounds that an adequate search was conducted and no records were unlawfully withheld.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney

5

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing and proposed order was served by First-Class Mail; postage prepaid to:

DAMON ELLIOTT, pro se
31034-037
F.C.C. U.S.P.- 2
P.O. Box 1034
Coleman, Florida 33521

on this 21st day of September, 2006.

                                        /s/
                                  CLAIRE WHITAKER,
                                  Assistant U.S. Attorney
                                  Judiciary Center Building
                                  555 Fourth St., N.W., Rm. E4204
                                  Washington, D.C.  20530
                                  (202) 514-7137