**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAMON ELLIOTT,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES ATTORNEY GENERAL,**<br><br>**Defendant.** | **Civil Action No. 06-1128 (JDB)** |

**MEMORANDUM OPINION**

This matter is before the Court on the parties' cross-motions for summary judgment. Having reviewed the motions and oppositions thereto, the Court will grant summary judgment for defendant.

I. BACKGROUND

In September 2001, plaintiff submitted a request for information pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Attorney General. Complaint ("Compl.") at 1. He sought "a copy of the 'Notice of United States Acceptance' of jurisdiction Documents, over the Beltsville Agriculture Research Center in Beltsville, Maryland." *Id.* Plaintiff construed defendant's "fail[ure] to respond . . . within the time limits" set forth in 5 U.S.C. § 552(a)(6) as a denial of his request, and filed the instant civil action for disclosure in full of the requested information. *Id.* at 2.

Defendant found no record of having received plaintiff's September 2001 FOIA request.

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or for Summary Judgment, Declaration of Melanie Ann Pustay ("Pustay Decl.") ¶ 4. Initially defendant argued that dismissal of this action is warranted for plaintiff's failure to exhaust administrative remedies before filing the instant action. *See id.* ¶ 7. In response, plaintiff submitted with his summary judgment motion a copy of his request (with a certified mail return receipt) to show that he had sought:

> a copy of the Title indicating acceptance of such jurisdiction over the lands of the Beltsville Agricultural Research Center in Beltsville, Maryland.

Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), Ex. A (September 2001 FOIA Request).

Armed with a copy of plaintiff's FOIA request, staff of the Justice Department's Office of Information and Privacy ("OIP") conducted a search for responsive records in September 2006. Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendant's Motion to Dismiss or for Summary Judgment ("Def.'s Mot."), Declaration of Tricia S. Wellman ("Wellman Decl.") ¶¶ 4-5.[1] No responsive records were located. *Id.* ¶ 5.

## II. DISCUSSION

### *A. Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers

---

[1] Defendant proceeded with a search for responsive records in September 2006 "[i]n an effort to put this matter entirely to rest." Wellman Decl. ¶ 4. Presumably defendant abandoned its argument for dismissal on the ground that plaintiff failed to exhaust administrative remedies.

to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[2] Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. and Exhchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc.*

[2] In support of its motion, defendant submits the declarations of Melanie Ann Pustay and Tricia S. Wellman. Ms. Pustay, then the Deputy Director of the Justice Department's Office of Information and Privacy ("OIP"), states that she had "final decision-making authority for the Initial Request (IR) Staff," who are responsible for "searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Office of the Attorney General, in response to requests made under [FOIA]." Pustay Decl. ¶ 1. Ms. Wellman, OIP's current Acting Deputy Director, now exercises this authority. Wellston Decl. ¶ 1. Ms. Pustay and Ms. Wellman make their declarations based upon their personal knowledge as well as on information acquired while performing their official duties. Pustay Decl. ¶ 2; Wellston Decl. ¶ 2.

*v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

*B. Adequacy of Search*

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id*. at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The Departmental Executive Secretariat "uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General." Wellman Decl. ¶ 5. Trained analysts with the Executive Secretariat enter records into the Departmental Executive Secretariat's Intranet

Quorum ("IQ") database and the Records Management System ("RMS").[3] *Id.* Among the data entered are: the document's date, the date of its receipt, the sender's and recipient's names, a description of the subject matter, the action to be taken, the agency component responsible for that action, and a date by which the action should be completed. *Id.* Staff may then conduct "word searches of the electronic database" by using "[s]earch parameters [which] may include the subject, organization, date, name, or other key words." *Id.*

In this case, the key word searches of IQ and RMS used the terms "Beltsville Agricultural Research Center," "Beltsville," and "BARC" without a date restriction. Wellman Decl. ¶ 5. No responsive records were located in either database. *Id.*

The adequacy of an agency's search is not determined by the results of the search or by the quantity of information ultimately released. Rather, "the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Serv.*, 844 F.Supp. 770, 777 n.4 (D.D.C. 1993) (the search, not the results of the search, must be reasonable). Perfection is not required. An agency's search is not presumed unreasonable because it fails to find relevant material. *See Steinberg*, 23 F.3d at 551 (question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986). No agency is required to produce records that it does not possess. *See Rothschild v. Dep't of Energy*, 6

---

[3] The IQ database covers the period from January 1, 2001 to the present, and the RMS covers the period from 1987 through 2000. Wellman Decl. ¶ 5.

F.Supp. 2d 38, 40 (D.D.C. 1998).

Having reviewed the record and absent a challenge by plaintiff, the Court concludes that defendant conducted a search that was reasonable and designed to locate the requested records.[4]

III. CONCLUSION

Defendant demonstrates its compliance with the FOIA by having conducted a reasonable and adequate search for records responsive to plaintiff's FOIA request. Accordingly, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued on this same date.

/s/
JOHN D. BATES
United States District Judge

Date: November 2, 2006

---

4 Plaintiff did not file a reply to defendant's opposition to his summary judgment motion.